| | |
|---|---|
| DEREK DAYOUB, | ) CIVIL DIVISION |
| | ) |
| Plaintiff, | ) No: 12-1770 |
| | ) |
| vs. | ) |
| | ) UNITED STATES DISTRICT JUDGE |
| JOHN M. AARON, STEVEN TOPRANI, | ) DAVID S. CERCONE |
| GEORGE ROBERTS, WILLIAM NIMAL, | ) |
| WASHINGTON COUNTY and | ) |
| BOROUGH OF BURGETTSTOWN, | ) |
| | ) *(Electronically Filed)* |
| Defendants. | ) |
| | ) |
| | ) |
| | ) ***JURY TRIAL DEMANDED*** |

## <u>ANSWER AND AFFIRMATIVE DEFENSES</u>

AND NOW, come Defendants, JOHN M. AARON, STEVEN TOPRANI and WASHINGTON COUNTY, by and through their counsel, Patricia A. Monahan, Esquire and Marshall, Dennehey, Warner, Coleman & Goggin, P.C., and file the within Answer and Affirmative Defenses:

1.    Admitted, as Defendants have no information to the contrary.

2.    Admitted to the extent it is averred that the Defendant John M. Aaron was employed with Washington County at the time of the Plaintiff's arrests that are the subject of Plaintiff's Complaint.  The remainder of the averments are denied.  Defendants further deny the conclusions of law stated in Paragraph 2 of Plaintiff's Complaint.

3.    Admitted to the extent it is averred that the Defendant Steven Toprani was employed with Washington County at the time of the Plaintiff's arrests that are the subject of

Plaintiff's Complaint. The remainder of the averments are denied. Defendants further deny the conclusions of law stated in Paragraph 3 of Plaintiff's Complaint.

4. The averments set forth in Paragraph 4 are directed to Co-Defendants and require no response from these Defendants.

5. The averments set forth in Paragraph 5 are directed to Co-Defendants and require no response from these Defendants.

6. Paragraph 6 is admitted to the extent that it is averred that the Defendant Washington County is a political subdivision of the Commonwealth of Pennsylvania, located at the address stated. The remainder of the averments set forth in Paragraph 6 of Plaintiff's stated conclusions of law to which response is required.

7. The averments set forth in Paragraph 7 are directed to Co-Defendants and require no response from these Defendants.

8. Denied. The averments set forth in Paragraph 8 of Plaintiff's Complaint state conclusions of law to which no response is required.

9. Denied. The averments set forth in Paragraph 9 of Plaintiff's Complaint state conclusions of law to which no response is required.

10. Denied.

11. The averments set forth in Paragraph 11 of Plaintiff's Complaint state conclusions of law to which no response is required.

12. The averments set forth in Paragraph 12 are denied. By way of further answer, the averments set forth conclusions of law to which no response is required.

13. Admitted.

14. Denied.

15. Denied.

16. Admitted.

17. Denied.

18. Denied. As Defendants have insufficient information regarding the averments set forth in Paragraph 18 of Plaintiff's Complaint concerning Plaintiff's decent and religious beliefs.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied. To the contrary, Plaintiff voluntarily submitted to the requested test.

26. Admitted.

27. Admitted.

28. Denied, as Defendants have insufficient knowledge regarding the timing of when two teens were taken into custody.

29. Denied.

30. Denied.

31. Denied. To the contrary, Defendants' information is that Plaintiff subjected Dvorsak to excessive use of force.

32. Denied.

33.     Paragraph 33 is admitted to the extent that it avers that Chief Yost wrote a police report.  It is denied that the police report accurately detailed the incident as Defendants cannot confirm that allegation.

34.     Denied.

35.     Defendants deny the averments set forth in Paragraph 35 as they have insufficient information regarding said averments.

36.     Denied.

37.     Admitted.

38.     The averments set forth in Paragraph 38 of Plaintiff's Complaint are denied as Defendants have insufficient information regarding said averments.

39.     The averments set forth in Paragraph 39 of Plaintiff's Complaint are denied as Defendants have insufficient information regarding said averments.

40.     Denied.

41.     Denied.

42.     Denied, as the incident was only captured in part by the video surveillance cameras at the McDonald's.

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied, as Defendants have insufficient information regarding said averments set forth in Paragraph 46 of Plaintiff's Complaint.

47.     Denied.

48. Paragraph 48 is admitted only insofar as it is averred that Dayoub was arrested by Washington County representatives on January 14, 2009 for the charges stated in the arrest warrant at said case number. The remainder of the averments set forth in Paragraph 48 are denied.

49. Denied as stated. To the contrary, District Attorney Toprani engaged in discussions with Plaintiff at Plaintiff's request.

50. Denied.

51. Denied.

52. Denied.

53. Admitted.

54. Denied.

55. Denied.

56. Denied as stated, as Defendants have insufficient information regarding the truth or falsity thereof.

57. Denied.

58. Denied.

59. Admitted.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied, as Defendants have insufficient knowledge regarding the truth or falsities set forth in Paragraph 64 of Plaintiff's Complaint.

65.     Admitted.

66.     Paragraph 66 is admitted to the extent it is averred that Amber Price had criminal charges cited against her by another jurisdiction.

67.     Denied as stated.  To the contrary, the letter is a written document that speaks for itself.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Admitted.

75.     Admitted.

76.     Admitted.  By way of further answer, the District Attorney's Office requested that the charges be nolle pros because of an agreement it had reached with the Plaintiff.

77.     Denied.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Paragraphs 1 through 80 above are incorporated herein, as if set forth fully.

82.     Paragraph 82 is admitted only to the extent it is averred that said criminal charges were brought against Plaintiff at the referenced docket numbers.  It is denied that Defendant Toprani instituted the charges.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Paragraphs 1 through 91 above are incorporated herein, as if set forth fully.

93. Paragraph 93 is admitted only to the extent it is averred that criminal charges against the Plaintiff were instituted at the docket numbers referenced.

94. Denied. By way of further answer, the averments set forth in Paragraph 94 of Plaintiff's Complaint state conclusions of law to which no response is required.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Denied. By way of further answer, Plaintiff successfully expunged the criminal charges that are the subject of Plaintiff's lawsuit against these Defendants.

104. Paragraph 104 is admitted only to the extent it is averred that Judge DiSalle dismissed the subject charges on April 5, 2011. Defendants deny Paragraph 104 as stated by the Plaintiff and deny Plaintiff's implications thereof.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Paragraphs 1 through 108 above are incorporated herein, as if set forth fully.

110. Count III of Plaintiff's Complaint, to extent it avers a claim for malicious abuse of process, requires no response because the claim was dismissed by the September 9, 2013 Order of Court. By way of further answer, it is denied that Defendant Toprani was involved in the institution of the subject criminal charges against the Plaintiff.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

WHEREFORE, Defendants respectfully request this Honorable Court to enter judgment in their favor and deny the relief requested in Plaintiff's Complaint.

124. Paragraphs 1 through 123 above are incorporated herein, as if set forth fully.

125. Count IV of Plaintiff's Complaint requires no response, as Count IV of Plaintiff's was dismissed by the September 9, 2013 Order of Court.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendants Aaron and Toprani assert that they are entitled to qualified immunity as articulated in *Harlowe v. Fitzgerald,* 457 U.S. 800 (1982) and subsequent decisions. At no time did they violate clearly established law and at all times concerned with this litigation acted in a manner which was proper, reasonable, lawful and in the exercise of good faith and, as such, enjoy not only qualified immunity, but a right not to go to trial as articulated in *Mitchell v. Forsythe,* 472 U.S. 511, 572 (1985).

### Second Affirmative Defense

Plaintiff's alleged injuries, sufferings and/or damages, if any, were caused by his own willful, malicious and criminal misconduct and/or his own negligence, carelessness and reckless disregard for the rights of others and not by any civil rights violations. Furthermore, Plaintiff entered into a plea agreement with the District Attorney's Office of Washington County, Pennsylvania, which included his agreement to pay restitution as well as testify before the grand

9

jury in exchange for the withdraw of the criminal charges brought by the Washington County District Attorney's Office.

### Third Affirmative Defense

Defendants assert herein all defenses available to them under the Civil Rights Act of 1871.

### Fourth Affirmative Defense

To the extent any of Plaintiff's state law claims survive, Defendants assert that the Political Subdivision Tort Claims Act serves as a bar to Plaintiff's state law claims and asserts all defenses, immunities and limitations and damages available to them under the Political Subdivision Tort Claims Act. *See,* 42 Pa. C.S.A.§8541.

### Fifth Affirmative Defense

Upon information and belief, Defendants assert the affirmative defense that Plaintiff may have failed to mitigate his damages.

### Sixth Affirmative Defense

Plaintiff's claims are barred by his affirmative acts of spoliation of evidence directly related to his claims and the Defendants' defenses.

### Seventh Affirmative Defense

Plaintiff's claim for malicious prosecution fails because the proceedings were not terminated in his favor and/or he cannot sustain his burden of proving lack of probable cause.

### Eighth Affirmative Defense

Defendant Washington County cannot be held liable to the Plaintiff on a theory of vicarious liability.

**Ninth Affirmative Defense**

All or part of Plaintiff's claims may be barred by the applicable statute of limitations.

**Tenth Affirmative Defense**

Plaintiff's claims may be barred by the doctrine of collateral estoppel as Plaintiff has previously testified under oath that he did not know why the subject criminal charges against him were dismissed.

WHEREFORE, Defendants, JOHN M. AARON, STEVEN TOPRANI and WASHINGTON COUNTY, demand judgment in their favor and against Plaintiff, together with the reimbursement of all costs and counsel fees associated with the defense of this matter.

Respectfully submitted,

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

By: _s/ Patricia A. Monahan_

Patricia A. Monahan, Esquire
Attorney for Defendants, John M. Aaron,
Steven Toprani and Washington County
PA I.D. #58784
600 Grant Street, Suite 2900
Pittsburgh, PA  15219
412-803-1151 // 412-803-1188
pamonahan@mdwcg.com

12/2232635.v1